**WO**                                                                                               JKM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Douglas Bone, | No. CV 12-2442-PHX-GMS (JFM) |
| Petitioner, | **ORDER** |
| vs. | |
| Eric Holder, et al., | |
| Respondents. | |

Petitioner Donald Douglas Bone (P30877), who is a California prisoner confined in a private prison in Eloy, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Columbia. After the action was transferred to this Court, Petitioner filed an Amended Petition (Doc. 8) in which he challenges a detainer filed with the California Department of Corrections (CDC) by Immigration and Customs Enforcement (ICE). The $5.00 filing fee has been paid.[1] The Amended Petition and this action will be dismissed.

Petitioner is currently serving a 24–year sentence for continuous sexual abuse of a child in violation of California Penal Code (CPC) § 288.5 and lewd and lascivious conduct upon a child in violation of CPC § 288(a). Petitioner alleges that on May 17, 1999, ICE

---

[1] Petitioner's Application to Proceed Without Prepayment of Filing Fees (Doc. 2), and Request for a Transfer of Filing Fees (Doc. 6) will be denied as moot because the filing fee has been paid.

served him with a Notice to Appear charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien[2] who has been convicted of an aggravated felony. He also alleges that ICE has lodged a detainer with CDC requesting notification prior to his release from CDC custody. He argues that because ICE has failed to promptly commence removal proceedings against him, the immigration charges against him are now barred by the Speedy Trial Act, the Sixth Amendment, and two statutes of limitations, 18 U.S.C. §§ 3282 and 3291. He seeks an order cancelling his Notice to Appear and dismissing the immigration charges against him.

Immigration detention and removal proceedings are civil, not criminal, in nature. Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (immigration proceedings "are civil, not criminal, and we assume that they are nonpunitive in purpose and effect"); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 491 (1999) ("While the consequences of deportation may assuredly be grave, they are not imposed as a punishment."); Briseno v. INS, 192 F.3d 1320, 1323 (9th Cir.1999) (removal is not criminal punishment); United States v. Yacoubian, 24 F.3d 1, 10 (9th Cir.1994) ("Because deportation proceedings are civil and not criminal in nature, they cannot form the basis for a double jeopardy claim."). Because each of the provisions Petitioner cites apply only to criminal charges, they do not bar his immigration removal proceedings.

The Speedy Trial Act applies to an indictment charging a defendant with "the commission of an offense." 18 U.S.C. § 3131(c)(1). "'Offense' is further defined as 'any Federal *criminal* offense.'" United States v. Ortiz-Lopez, 24 F.3d 53, 54-55 (9th Cir. 1994) (quoting 18 U.S.C. § 3172(2)). The Speedy Trial Act, therefore, does not apply to civil immigration proceedings. Id. Similarly, the Sixth Amendment applies explicitly to "criminal prosecutions," not civil immigration proceedings. U.S. CONST. amend. VI.

As with the Speedy Trial Act, the statute of limitations for non-capital prosecutions applies only to "offenses." 18 U.S.C. § 3282(a). As previously noted, an "offense" is

---

[2] Petitioner is a citizen of Canada who obtained lawful permanent resident status in the United States in the early 1990s.

1 defined as a "Federal criminal offense." 18 U.S.C. § 3172(2). Accordingly, § 3282 does not apply to civil immigration proceedings.

Finally, the statute of limitations for nationality, citizenship, and passport offenses applies only to criminal prosecutions for violations of 18 U.S.C. §§ 1423 through 1428 and 1541 through 1544. 18 U.S.C. § 1391. Because Petitioner's immigration proceedings are not criminal prosecutions under any of those statutes, § 1391 does not bar them. Accordingly, none of Petitioner's claims are cognizable and the Amended Petition has no arguable basis in law or in fact.

**IT ORDERED** that Petitioner's Application to Proceed Without Prepayment of Filing Fees (Doc. 2), and Request for a Transfer of Filing Fees (Doc. 6) are **denied** as moot.

**IT IS FURTHER ORDERED** that the Amended Petition (Doc. 8) and this action are **dismissed**.

DATED this 11th day of January, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge